JUDGE MARRERO

11 CIV 4214

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.
ESTHER WALKES,

                                  Plaintiff,

      -against-                                                            COMPLAINT

CLIENT SERVICES, INC. and NORTHSTAR LOCATION
SERVICES, LLC.,

                                  Defendants.
------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

        1.      This is an action for damages brought by an individual consumer for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for an injunction and damages against defendants' deceptive acts and practices.

## PARTIES

        2.      Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant Client Services, Inc. is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Client Services uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others. Upon information and belief, Client Services is a foreign business corporation incorporated in Missouri. Second-named defendant Northstar Location Services, LLC. is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Northstar uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others. Upon information and belief, Northstar is a domestic limited liability company.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS OF FACT

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That at a time better known to Client Services, Client Services began to collect a consumer debt allegedly owed by plaintiff to Bank of America, which debt it was alleged was in default.

7. That plaintiff received from Client Services a debt collection letter dated October 6, 2010, concerning the debt.

8. That plaintiff conferred with her attorneys at Fagenson & Puglisi. By letter dated November 10, 2010 Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to Client Services informing Client Services that Fagenson & Puglisi represents plaintiff,

that plaintiff disputes the debt Client Services was attempting to collect and that plaintiff should not be contacted directly regarding the debt.

9. That notwithstanding plaintiff's attorney's said letter to Client Services, Northstar nonetheless sent a collection letter, dated May 6, 2011 directly to plaintiff at her home in an attempt to collect the same debt.

## COUNT ONE

### FDCPA Allegations concerning Client Services

10. That plaintiff re-alleges paragraphs 1 to 9 as if fully re-stated herein.

11. That Client Services failed to inform its principal, Bank of America, that plaintiff is represented by an attorney in the matter of the collection of the debt, as Client Services was obligated to do pursuant to the FDCPA, §§1692e(8) and 1692e(10).

12. That Client Services failed to inform its principal, Bank of America, that plaintiff was disputing the debt, as Client Services was obligated to do pursuant to the FDCPA, §§1692e(8) and 1692e(10).

13. That as a result of Client Services' said failures, Northstar was unaware that plaintiff was represented by an attorney or that plaintiff disputed the debt before Northstar sent the said May 6, 2011 letter to plaintiff.

14. That Client Services is therefore in violation of the FDCPA, including but not limited to §§1692e(8) and 1692e(10).